Plaintiffs and defendants have each filed application for rehearing in this case.
The plaintiffs in their application for a rehearing assign six errors presumably committed by us in the rendition of the judgment, in the following manner: (1) In holding that the plea of prescription of four years as provided by Article 362 of the Civil Code applies to the first three named plaintiffs for the reason that the natural tutor had confessed judgment and had specially renounced the plea of prescription. (2) "In not recognizing and holding that minors have a legal mortgage on the property of their tutors, as security for their administration until the liquidation and settlement of their final account, as provided by Article 3314 of the Civil Code; that under the provisions of Article 3526 of the Civil Code, prescription does not run against a beneficiary heir, with respect to the debt due him by the succession; and that under the established jurisprudence no fixed period of prescription is applicable to the hypothecary action", citing many cases. (3) "In not holding that the hypothecary action may be instituted at any time while the legal mortgage remains in force." (4) "In not holding that the legal mortgage herein is indivisible under Article 3282 of the Civil Code". (5) "In finding that petitioner Joe Olevia was born on August 3, 1911, and that he reached his twenty-fifth birthday on August 3, 1936". (6) In the alternative, that the decision and decree should be amended by a division of the costs in both courts between the unsuccessful plaintiffs and defendants.
The first four assignments of error were presented in the original argument of plaintiffs and were given, at that time, due *Page 551 
consideration. After due reconsideration we are of the opinion that the articles of the Civil Code and the cases cited by the plaintiffs are not applicable to the case at bar.
As to the fifth assignment of error, we are of the opinion that the preponderance of the evidence as contained in the record justifies our conclusion that Joe Olevia was born on August 3, 1911, as he so alleged in his petition and also as contained in the proceedings in the estate of Mary B. Olevia, his mother. We find no merit therein.
As to the sixth assignment of error, we say that although our decree is not so specific, yet it can be gathered therefrom that the costs were assessed one-half to the three plaintiffs who were unsuccessful, and one-half to the defendants. However, in order that there may be no misunderstanding, we shall reform our decree to so state.
Defendants in their application for rehearing contends that we should have disregarded the recordation of the extract of inventory and proof thereof because it did not conform to the requirement of Civil Code Article 3351 and, that they had objected to its being filed in evidence, and cite the cases of Mercier v. Canonge, 8 La.Ann. 37, and Zeigler v. Creditors, 49 La.Ann. 144, 21 So. 666. They make the same argument which they made on the original hearing on their exception of no cause of action. We have again reconsidered this argument and find that the cases cited are apposite to the case at bar.
The other contention of the defendants is that we erred in accepting the account filed by the tutor as a final account. We have reconsidered the contention of the defendants and find no merit therein. The account was filed by the tutor and this account shows the total amount due to all the minors, that is, the sum of $1,000. It is not limited to the three last named minors.
The application for rehearing on behalf of the defendants will be refused.
For these reasons our former decree is reformed and recast so as to read as follows:
"For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended by the sustaining of the plea of prescription of four years in so far as it applies to the plaintiffs Sam Olevia, Mary Olevia and Joe Olevia and that their suit be dismissed. One-half of all costs in both courts are assessed to Sam Olevia, Mary Olevia and Joe Olevia, and the other half of all costs in both courts are assessed to the defendants. As thus amended, the judgment is affirmed."
Both applications for rehearing are refused.